**Swanton Township**
**Board of Trustees**
**v.**
**Toledo-Lucas County**
**Port Authority**
*[Cite as 4 AOA 197]*

*Case No. L-89-258*
*Lucas County, (6th)*
*Decided June 1, 1990*

*Jim Miller, for Appellant/Cross-Appellee.*

*Theodore M. Rowen, Frank T. Pizza, B. Gary McBride and Teresa L. Grigsby, for Appellee/Cross-Appellant, Toledo-Lucas County Port Authority.*

*James N. Turner, for Appellee/Cross-Appellant, City of Toledo.*

This case is an appeal from a judgment of the Lucas County Court of Common Pleas.

The undisputed facts of the case are as follows. Toledo Express Airport is partially located in Swanton Township. Appellee, city of Toledo, is the owner of the land where the airport is located. Appellee, Toledo-Lucas County Port Authority ("Port Authority"), leases the land and operates Toledo Express Airport.

Toledo Express Airport presently includes two runways, a terminal, cargo buildings, airplane hangers and maintenance buildings. The Port Authority does not directly provide the services available at the airport. Instead, the Port Authority, through subleasing agreements with individual airlines, provides passenger and

cargo air transport. The same is true of other services, which are inherent in the operation of any public, metropolitan airport, such as automobile parking and rental, motel and restaurant facilities and airplane hanger rental to various companies and other organizations. However, all transportation and other ancillary services are centralized, organized and managed through the Port Authority.

In 1989, the Port Authority began construction of a new hub facility and related improvements to be leased to Burlington Air Express USA, Inc, an air cargo transport company. Neither the city of Toledo nor the Port Authority applied for a zoning permit in regard to this project.

Appellant, Swanton Township Board of Trustees("Trustees"), brought the present action for declaratory judgment alleging that Toledo Express Airport is subject to the Swanton Township Zoning Resolution, and therefore, zoning certificates must be obtained for the new construction at the airport. In contrast, appellees argues that the airport is exempt from township zoning regulations because it is a public utility exempt from such regulation under R.C. 519.211.

On June 5, 1989, appellees filed a motion for summary judgment. On August 3, 1989, the trial court entered judgment in favor of appellees on the ground that as a public utility Toledo Express Airport is exempt from township zoning regulation. The trial court declined to address the further issue regarding the validity of the Swanton Township Zoning Resolution.

It is from the judgment that the Trustees raise the following three assignments of error:

"1. THE LANGUAGE OF R.C. §519.211, WHEN CONSTRUED 'IN PARI MATERIA' WITH OTHER SECTIONS OF THE OHIO REVISED CODE RELATING TO THE SAME SUBJECT (AIRPORTS) WILL NOT PERMIT A JUDICIAL DETERMINATION THAT AN AIRPORT IS A PUBLIC UTILITY FOR PURPOSES OF §519.211.

"2 EVEN IF THE LANGUAGE OF R.C. §519 WOULD PERMIT AN INTERPRETATION THAT AN AIRPORT IS A PUBLIC UTILITY, IT WAS ERROR FOR THE TRIAL COURT TO CONCLUDE AS A MATTER OF LAW THAT THE TOLEDO EXPRESS AIRPORT IS A PUBLIC UTILITY EXEMPT FROM REGULATION PURSUANT TO R.C. CHAPTER 519 WITHOUT FIRST CONDUCTING AN EXAMINATION OF THE FACTS PECULIAR TO THE SPECIFIC BUSINESS OF TOLEDO EXPRESS AIRPORT AND BASING ITS DECISION UPON THAT EXAMINATION.

"3. EVEN IF THE LANGUAGE OF R.C. §519.211 WOULD PERMIT AN INTERPRETATION THAT AN AIRPORT IS A PUBLIC UTILITY, PLAINTIFF/APPELLANT BELIEVES THAT WHEN CONSTRUING THE FACTS MOST STRONGLY IN FAVOR OF PLAINTIFF/APPELLANT (AS REQUIRED BY OHIO RULE OF CIVIL PROCEDURE 56C) REASONABLE MINDS COULD CONCLUDE THAT THE TOLEDO EXPRESS AIRPORT DOES NOT QUALIFY AS A PUBLIC UTILITY AND IT WAS ERROR FOR THE TRIAL COURT TO GRANT DEFENDANT/APPELLEES' MOTION FOR SUMMARY JUDGMENT."

It is also from that judgment that appellees raise the following sole cross-assignment of error:

"IF THIS COURT SHOULD CONCLUDE THAT TOLEDO EXPRESS AIRPORT IS NOT A PUBLIC UTILITY AND THUS IS SUBJECT TO THE ZONING AUTHORITY OF SWANTON TOWNSHIP, THIS COURT MUST STILL AFFIRM THE DECISION OF THE TRIAL COURT DISMISSING THE ACTION AGAINST THE TOLEDO-LUCAS COUNTY PORT AUTHORITY ON THE GROUND THAT THE SWANTON TOWNSHIP ZONING RESOLUTION IS INVALID. THE TRIAL COURT SHOULD HAVE FOUND THE RESOLUTION INVALID."

As their first assignment of error, the Trustees argue that an airport may never be considered a public utility under R.C. 519.211. Essentially, the Trustees argue if an airport may be considered a public utility under R.C. 519.211, R.C. Chapter 4563 (governing airport hazard areas) and R.C. 308.06(Q) (governing airport authorities) will be nullified.

We find that sections II. through III.B. of the well-reasoned opinion of the Honorable Frederick H. McDonald, rejecting the argument that R.C. Chapter 4563 requires a finding that airports may not be considered public utilities, are dispositive of this issue as raised in the first assignment of error. For that reason, such opinion is hereby adopted as our own. See Appendix.

We further find the Trustees' remaining argument, that R.C. 308.06(Q) required a finding that airports may not be considered public utilities, also without merit. R.C. 308.06(Q) authorizes regional airport authorities to request the

appropriate zoning board "to establish and enforce zoning regulations pertaining to any airport * * * in the manner prescribed by *sections 4563.01 to 4563.21 of the Revised Code*." (Emphasis added.) In as much as we have determined that R.C. Chapter 4563 does not preclude airports from being considered public utilities, it cannot be argued that R.C. 308.06(Q), which provides for the enforcement of R.C. Chapter 4563, precludes airports from being considered as such. Accordingly, the Trustees' first assignment of error is found not well-taken.

The Trustees' second and third assignments of error will be considered together. Essentially, the Trustees argue that even if an airport may be considered a public utility, the determination that a particular airport, *i.e.* Toledo Express Airport, is a public utility must be made on a case by case basis. The Trustees further argues that the facts of the present case do not support the trial court's determination that Toledo Express Airport is a public utility.

R.C. 519.211 specifically exempts public utilities from township zoning regulation, although there is no definition of a "public utility" to be found in R.C. Chapter 519. The Supreme Court of Ohio in *Marano* v. *Gibbs* (1989), 45 Ohio St. 3d 310, 311, held that "the determination of entities as public utilities is a mixed question of law and fact." The *Marano* court further stated that "an entity may be characterized as a public utility if the nature of its operation is a matter of public concern, and membership is indiscriminately and reasonably made available to the general public." *Id.* The *Marano* court also held that "while it is important that an entity be subject to regulatory control, such regulation is not necessarily required for an entity to be considered a public utility." *Id.* At least one court of appeals has held that a commercial airport is a public entity and, therefore, exempt from township zoning regulation. *Yunker* v. *Saddler* (July 1, 1966), Lorain App. No. 1712, unreported.

In the present case, we find reasonable minds could only conclude that Toledo Express Airport is operated as a matter of public concern and that membership is indiscriminately and reasonably made available to the general public. It is undisputed that the airport's freight and passenger services are open to the public. Further, necessary and ancillary services such as parking facilities, restaurants and car rental agencies are also open to the public. It is the Port Authority's responsibility to negotiate and execute all leases and operating agreements, manage the Toledo Express Airport police, fire and rescue operations and supervise all aviation and other ancillary facilities.

Although the Port Authority operates the services of the Toledo Express Airport through subleasing agreements, agreements that are arguably not available to the general public, such agreements do not destroy the public nature of the services offered to the public by the airport. The service of passenger and cargo air transport, along with necessary and ancillary services, remains reasonably available to the general public. Accordingly, the Trustees' second and third assignments of error are found not well-taken.

In light of our disposition of the Trustees' assignments of error, this court does not find it necessary to address appellees' cross-assignment of error. Accordingly, appellees' cross-assignment of error is found not well-taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.

*Judgment affirmed.*

GLASSER, J., RESNICK, J., FRANKLIN, Jr., J., concur.

Judge Robert V. Franklin, Jr., retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.